UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP LEY,

        Plaintiff,

v.

TURNING POINT USA et al.,

        Defendants.

Case No. 25-13760
Honorable Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

## ORDER TO SHOW CAUSE

Plaintiff Phillip Ley ("Ley"), proceeding pro se, initiated this civil action against defendants Turning Point USA and K-Von Moezzi bringing claims of defamation, defamation per se, false light, harassment, negligent supervision, negligent retention, and intentional infliction of emotional distress. ECF No. 1. Ley alleges that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. *Id.* However, his allegations are insufficient to show that diversity jurisdiction exists.

Subject matter jurisdiction is a threshold matter in all federal cases. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (stating that there is no "doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in

doubt."). Challenges to a court's subject matter jurisdiction "may be raised at any time, by any party or even *sua sponte* by the court itself." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992) (footnote omitted) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)).

To establish diversity jurisdiction, a plaintiff must adequately plead that the amount in controversy between the parties exceeds $75,000, and ... there is complete diversity between the parties--meaning the parties are citizens of different states. *See Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (citing 28 U.S.C. § 1332). The citizenship of a corporation is both its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). The party commencing a federal diversity action must establish the parties' citizenship through a preponderance of the evidence. *Williams v. Andreopoulos & Hill, LLC*, 2023 U.S. App. LEXIS 30003, at *7 (6th Cir. Nov. 9, 2023).

The instant complaint states that Ley is a "resident of Detroit, Michigan," defendant Turning Point USA (TPUSA) "is a national nonprofit organization located at: 4940 E Beverly Rd, Phoenix, AZ 85044," and defendant K-von Moezzi "…may be served through TPUSA's service address or by court-approved alternate service." *Id.*  The complaint is silent

as to Ley's own citizenship and K-von Moezzi's citizenship, and Ley does not sufficiently plead the citizenship of the corporate defendant.

For purposes of determining whether diversity jurisdiction exists, residence and citizenship are not equivalent. *See Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019); 13E Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3611 (3d ed. 2025) ("[A]n allegation of a party's residence alone is not sufficient, since. . . that is not equivalent to domicile or citizenship for subject matter jurisdiction purposes."). And as stated above, corporations are citizens of both the state in which it is incorporated and the state in which it maintains its principal place of business. *See supra.* "[W]hether federal diversity of citizenship jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced by filing the complaint with the court as prescribed by Federal Rule of Civil Procedure 3." 13E Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3608 (3d ed. 2025). Ley has failed to meet his burden of showing complete diversity between the parties.

More problematic, however, is Ley's allegation concerning the amount in controversy. The applicable rule in a diversity case is that "the

sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The "[m]ere averment of the amount claimed to be in controversy is not enough to confer jurisdiction." *Mosley v. Equifax, Inc.*, 2019 WL 2539349, at *1 (E.D. Mich. June 20, 2019) (citing *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967)). In this case, Ley is seeking compensatory and punitive damages in the amount of $15,000,000. But the Court cannot find that the claim is made in good faith.

Where a party alleges excessive damages beyond any reasonable expectation of recovery, jurisdiction does not attach. *Jennings v. Ford Motor Co.*, 56 F.3d 64 (6th Cir. 1995) (unpublished disposition) (citing *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976)). To be sure, at the pleading stage, a plaintiff need not support the jurisdictional allegation in detail. However, in this case, the complaint is devoid of factual allegations regarding the nature of the injury or damages sustained by Ley as a consequence of defendants' actions. He asserts he has "suffered significant reputational harm, emotional distress, humiliation, and professional injury," ECF No. 1, PageID.4, but has failed to allege any facts

that would demonstrate he could meet the jurisdictional threshold, much less the amount he seeks. Even under the most generous reading, Ley's complaint makes a mere averment of an amount in controversy of $15,000,000 and is lacking any factual allegations to support this claimed amount. Thus, the Court cannot find that the amount in controversy is made in good faith.

For the reasons set forth above, Ley's allegations in the complaint are insufficient to show that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Accordingly, he is ordered to show cause, in writing, why this case should not be dismissed for lack of subject matter jurisdiction. Ley's response is due **on or before December 23, 2025.** This Order to Show Cause constitutes notice under Local Rule 41.2 of the Court's intention to dismiss this case on its own motion, unless Ley can demonstrate that the Court has jurisdiction over this case. *See* E.D. Mich. LR 41.2.

**IT IS SO ORDERED.**

Dated: December 9, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge