UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

Phillip Ley,

Plaintiff,

v. Case No. 4:25-cv-13760-SDK-KGA

Turning Point USA, et al.,

Defendants.

_____________________________________/

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

AND REQUEST FOR ADDITIONAL TIME AND LIMITED DISCOVERY

TO OBTAIN SERVICE INFORMATION FOR DEFENDANT KVON

Plaintiff Phillip Ley, proceeding pro se, respectfully responds to the Court's Order to Show Cause regarding service.

Plaintiff has not abandoned this action and has continued attempting to comply with the Court's service requirements. Plaintiff respectfully apologizes for the delay and for having to again request additional time and assistance from the Court. Plaintiff is not seeking delay for delay's sake. The issue is that Plaintiff cannot complete the summons and service packet for Defendant Kvon because Plaintiff has been unable to locate a valid service address suitable for use by the United States Marshals Service.

Service in this matter is being handled through the United States Marshals Service pursuant to the Court's authorization. Plaintiff understands that the Marshals require a valid address before they can attempt service. Plaintiff's difficulty is not with service itself, but with locating reliable service information for Defendant Kvon.

Defendant Kvon is believed to be Kevan "K-von" Moezzi. He publicly conducts business under names including "K-von Comedy," "K-von," "Tanx God! Productions," and "Tanx God Inc." Plaintiff has searched publicly available records and online resources in an effort to identify a valid service address. Plaintiff has reviewed California business registration resources, trademark resources, public business records, websites, and other publicly available sources associated with Defendant Kvon and his known business names.

Despite these efforts, Plaintiff has been unable to locate a California registered business entity, registered agent, trademark-owner address, public business filing, or other reliable address suitable for service. Plaintiff therefore cannot honestly complete the summons package for Defendant Kvon without relying upon speculation or unverified information. Plaintiff does not wish to waste the Court's time or the Marshals' resources by providing an address that cannot be reasonably verified.

Plaintiff respectfully apologizes for having to again request an extension. Plaintiff has made diligent efforts to locate Defendant Kvon but has been unable to do so. At this point, Defendant Kvon appears to be effectively unreachable through ordinary public searches despite publicly conducting business activities and appearing at events connected to the matters at issue in this case.

Plaintiff respectfully believes that Turning Point USA and/or the appearing Defendants are in a significantly better position to identify Defendant Kvon's service information. Based upon Defendant Kvon's appearances, participation, promotion, booking, contracting, communications, and other activities related to the matters underlying this action, Plaintiff believes that one or more appearing Defendants likely possess records sufficient to identify a valid address for service.

Plaintiff is not seeking broad discovery. Rather, Plaintiff respectfully requests limited discovery or other relief narrowly tailored to obtaining information necessary to effect service upon Defendant Kvon. Such information may include Defendant Kvon's last known mailing address, business address, booking address, management contact, payment address, contract address, agent information, or any other information reasonably likely to permit service by the United States Marshals Service.

Plaintiff would have no objection to such information being provided under seal, directly to the Court, directly to the Clerk, or directly to the United States Marshals Service if the Court believes that procedure is appropriate.

Plaintiff respectfully submits that dismissal would be inequitable where Plaintiff has actively attempted to locate Defendant Kvon but cannot identify a valid public service address, while appearing Defendants may possess information sufficient to permit service. Plaintiff has acted in good faith and respectfully requests the Court's assistance so that service may be completed and the case may proceed on its merits.

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Decline to dismiss this action;

2. Grant Plaintiff an additional sixty (60) days to obtain valid service information for Defendant Kvon;

3. Permit limited discovery directed solely toward obtaining information necessary to effect service upon Defendant Kvon;

4. Order Turning Point USA and/or any appearing Defendant possessing relevant records to provide Defendant Kvon's last known service address, business address, booking address, management address, payment address, contract address, agent information, or other information sufficient to permit service;

5. Permit such information to be provided under seal, directly to the Clerk, or directly to the United States Marshals Service if deemed appropriate by the Court; and

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Phillip Ley

Phillip Ley

Plaintiff, Pro Se

19966 Lahser Rd

Detroit, MI 48219

Phone: 757-528-6321

Email: phill@help4.us

Dated: June 13, 2026