UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP LEY,<br>Plaintiff,<br><br>v.<br><br>TURNING POINT USA et al.,<br>Defendants. | Case No. 25-13760<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

Plaintiff Phillip Ley ("Ley"), proceeding pro se, initiated this civil action against defendants Turning Point USA and K-Von Moezzi bringing claims of defamation, defamation per se, false light, harassment, negligent supervision, negligent retention, and intentional infliction of emotional distress. ECF No. 1. The Court granted Ley's application to proceed without the prepayment of fees and costs and directed him to complete and return service documents for service of process by the U.S. Marshal. ECF Nos. 8, 7.

Ley did not provide service documents to the Clerk's Office, and the Court ordered him to show cause why his case should not be dismissed for

failure to prosecute. ECF No. 10. In his response to the show cause order, Ley acknowledged having trouble finding the defendants' addresses and requested an additional 60 days with which to do so. ECF No. 11. However, because Local Rule 7.1(i) prohibits the combination of a motion "with any other stand-alone document," E.D. Mich. LR 7.1(i), the Court ordered Ley to file a motion for the relief he seeks by June 11, 2026. ECF No. 12. Ley was warned that "[f]ailure to take appropriate action will result in the dismissal of [his] case without prejudice for want of prosecution." *Id.*

On June 15, 2026, Ley filed a response to the Court's order to show cause in which he requests (1) an additional 60 days to obtain valid service information for defendant K-Von, (2) limited discovery to obtain said information, and (3) an order for defendant Turning Point USA to provide Ley with K-Von's address. ECF No. 13. Once again, this response violates Local Rule 7.1(i) by combining his response to the Court's show cause order with a motion, and Ley's complaint will be dismissed for failure to prosecute under Local Rule 41.2 and Federal Rule of Civil Procedure 41(b).

Local Rule 41.2 provides that "when it appears that the . . .parties have taken no action for a reasonable time, the Court may, on its own

motion after reasonable notice . . ., enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. LR 41.2. Under Fed. R. Civ. P. 41(b), the test to determine whether dismissal is warranted is: 1) was the failure to cooperate or prosecute due to willfulness, bad faith, or fault; 2) was the adversary prejudiced by the party's conduct; 3) was the party warned that failure to cooperate or prosecute could lead to dismissal; and 4) the existence and appropriateness of less drastic sanctions. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (dismissal under Fed. R. Civ. P. 37(b)); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (dismissal under Fed. R. Civ. P. 41(b)).

As to the first factor, Ley has been informed of his obligation to prosecute his case against defendants and has taken no action to do so. There is no indication on the docket that a service packet has been received as to either of the named defendants despite Ley's response to the show cause order seemingly indicating that he is only having difficulty locating a service address for K-Von. But Ley has provided no explanation for his failure to complete service documents for Turning Point USA. *See McDougleh v. Ohio Reformatory for Women*, 2026 WL 295435, at *2 (S.D. Ohio Feb. 4, 2026), *report and recommendation adopted*, 2026 WL 754057

(S.D. Ohio Mar. 17, 2026) (recommending dismissal for failure to prosecute when plaintiff failed to provide required service documents). Furthermore, Ley failed to comply with the Court's specific instructions regarding his response to its order to show cause and the deadline by which his motion was to be filed. Ley's failure to comply with the clear order of the Court constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). This factor favors dismissal.

The second factor is not relevant because defendants have not made an appearance in this case and, as such, are not prejudiced by Ley's conduct.

The third factor weighs in favor of dismissal. In the Court's order to show cause, Ley was warned that a failure to take appropriate action would result in the dismissal of his case without prejudice.

And finally, as to the fourth factor, Ley's failure to provide service documents prevents this case from proceeding further and there are no

meaningful remedies left for the Court to consider other than to dismiss the case for failure to prosecute.

On balance, the dismissal of Ley's complaint without prejudice is appropriate.

Accordingly, Ley's complaint is **DISMISSED WITHOUT PREJUDICE.** This case is now closed. Nothing in this order precludes Ley from refiling his complaint as a new case under a new case number.

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 29, 2026